IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES HICKS, #246241, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:07-CV-667-WHA |
| | ) [WO] |
| | ) |
| LT. WILLIE COPELAND, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Charles Hicks ["Hicks"], a state inmate and frequent litigant in this court, complains that defendant Copeland violated his constitutional rights when Copeland denied him a diabetic lunch on June 4, 2007. The instant complaint asserts an identical claim against the same defendants as an earlier complaint filed with this court. *See Hicks v. Alabama Dept. of Corrections, et al.*, Civil Action 2:07-CV-507-WKW. Thus, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**DISCUSSION**

Malicious suits are abusive of the judicial process and are not permissible under 28 U.S.C. § 1915(e)(2)(B)(i). A federal court may therefore dismiss a prisoner's *in forma*

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i).

*pauperis* complaint as malicious where earlier and later complaints are substantially identical. *Cato v. United* States, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1985) (duplicative complaint subject to dismissal under section 1915 as malicious); *Bailey v. Johnson*, 846 F.2d 1019 (5th Cir. 1988) (an *in forma pauperis* complaint repeating the same factual allegations asserted in an earlier action is due to be dismissed under 28 U.S.C. § 1915).

The complaint filed in this case is indistinguishable from a complaint previously filed by the plaintiff with this court challenging Lt. Copeland's action on June 4, 2007. It merely repeats the same claim as the one presented to this court in *Hicks v. Alabama Dept. of Corrections, et al.*, Civil Action 2:07-CV-507-WKW, a case which is currently pending on the plaintiff's claim for relief. In light of the foregoing, it is clear that the complaint filed by the plaintiff in the present cause of action is malicious and summary dismissal of such complaint is therefore appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed as malicious prior to service of process in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B)(i). It is further

ORDERED that on or before August 6, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 24th day of July, 2007.

       /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE